ORIGINAL

# In the United States Court of Federal Claims

No. 15-627C
(Filed: July 13, 2016)

FILED

JUL 1 3 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JEREMY MARQUISE CARTER,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff, appearing pro se, filed a complaint on June 18, 2015, alleging four causes of action . First, he alleged that The United States, acting through Federal Prison Industries ("FPI"), breached its oral agreement to compensate plaintiff for use of his efficiency concept named the "Green Project." Second, he alleged that the defendant's use of his Green Project constituted an unconstitutional taking. The third and fourth causes of action were unjust enrichment and conversion, an equitable and tort claim respectively. In response, defendant has moved to dismiss, arguing, among other things, that 28 U.S.C. § 1500 ("section 1500") prevents this court's exercise of jurisdiction. We agree.

Section 1500 operates to preclude this court from exercising jurisdiction over claims that a plaintiff has already filed against the United States in other courts. 28 U.S.C. § 1500 (2012). At the time the complaint was filed here, plaintiff had a similar complaint pending before the United States District Court for the Middle District of Florida, which was filed on May 24, 2012. Section 1500 provides that this court does "not have jurisdiction of any claim for or in respect to which plaintiff . . . has pending in any other court any suit . . . against the United States." *Id.*  Its goal is to prevent duplicate litigation against the United States. *Bailey v. United States*, 46 Fed. Cl. 187, 193 (2000). For the purposes of this statute, we must compare whether the two complaints are "based on substantially the same operative facts." *United States v. O'Odham Nation*, 563 U.S. 307, 311 (2011) *quoting Keene Corp. v. United*

*States*, 508 U.S. 200, 212 (1993).   Neither the relief sought nor the theory of recovery is relevant to that inquiry.  *Id.* at 317-18; *Res. Invs., Inc. V. United States*, 785 F.3d 660, 664 (Fed. Cir. 2015) (explaining that *Tohono* resolved in the affirmative the question of whether section 1500 blocks jurisdiction over a suit based on same facts but seeking completely different relief).

Plaintiff's complaints in both courts rely on the same body of operative facts–plaintiff's alleged invention of an efficiency concept and then FPI's alleged misappropriation of it.  Although the Florida complaint alleged more causes of action and presented a more detailed account of the facts, the allegations before this court arise from the same events creating a "sufficient factual overlap" between the claims.[1] *Tohono*, 563 U.S. at 317. Thus, this court is precluded from proceeding to the merits of the claim.

In his response to defendant's motion to dismiss, plaintiff argues that, because the claims presented in his complaint here had been dismissed by the Florida court for lack of jurisdiction and redirected to this court, section 1500 is inapplicable.[2] That is not determinative, however. For purposes of section 1500, it is the time of filing that matters. *See Res. Invs., Inc.*, 785 F.3d at 669. At the time plaintiff filed his complaint in this court, his suit in district court was already pending.

Accordingly, we grant defendant's motion to dismiss pursuant to RCFC 12(b)(1). The clerk's office is directed to enter judgment dismissing the action without prejudice. No costs.

ERIC G. BRUGGINK
Senior Judge

---

[1] Plaintiff agreed to a settlement with the United States for $5000.00 in the Florida District court resulting in the dismissal of the claims.  Although this would likely provide an independent basis for the dismissal of plaintiff's claims, we need not reach that issue because of the clear lack of jurisdiction.

[2] The district court dismissed plaintiff's contract (or quasi contract) and takings claims and instructed  plaintiff that only this court had jurisdiction to hear them, but it did not transfer the claims to this court.